IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS, an individual, | ) ) |
| Plaintiff, | ) Case No.: 4:19-cv-03613 ) ) |
| v. | ) ) |
| DENNY'S, INC., a Florida Corporation, | ) ) ) |
| and | ) ) |
| RRH – DEN, LLC, a Delaware Limited Liability Company, *d/b/a Denny's* | ) ) ) ) |
| Defendant. | ) ) ) |

## FIRST AMENDED COMPLAINT

Plaintiff, WAYNE THOMAS through his undersigned counsel, hereby files this First Amended Complaint and sues DENNY'S, INC., a Florida Corporation, and RRH – DEN, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendants' Property, which is the subject of this action, is located in Harris County, Texas.

3. Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4. MR. THOMAS is a qualified individual with a disability under the ADA. MR. THOMAS is paralyzed from the waist down. MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6. Defendant, DENNY'S, INC., a Florida Corporation (hereinafter referred to as "DENNY'S" or collectively as "Defendants"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Denny's, generally located at 909 W. Pasadena Blvd, Pasadena, Texas 77506.

7. Defendant, RRH – DEN, LLC, a Delaware Limited Liability Company (hereinafter referred to as "RRH" or collectively as "Defendants"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Denny's, generally located at 909 W. Pasadena Blvd, Pasadena, Texas 77506.

8. All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this First Amended Complaint.

10. The Property, a restaurant, is open to the public and provides goods and services to

the public.

11.     Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12.     During his visits, MR. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this First Amended Complaint.

13.     MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14.     Defendants have discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

> A.  Plaintiff encountered inaccessible parking designated for disabled use due to excessive long slopes;
>
> B.  Plaintiff encountered inaccessible parking designated for disabled use due to pavement in disrepair;
>
> C.  Plaintiff encountered inaccessible parking designated for disabled use due to lack of proper signage and lack of proper access aisle; and
>
> D.  Plaintiff encountered inaccessible curb ramps leading from the parking lot to the property sidewalks due to a failure to provide a smooth transition (i.e., a vertical lip at the bottom of the ramps which is both a

tripping hazard and can cause a wheelchair to tip over).

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

F. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

By: */s/ Louis I. Mussman*
Louis I. Mussman
Attorney-in-charge
Florida Bar No. 597155
S.D. TX No. 2274288
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Local Counsel
State Bar No. 08553500
John K. Grubb & Associates
4550 Post Oak Place, Suite 201

Houston, TX 77027  
Tel: (713) 877-8800  
Fax: (713) 877-1229  
johnkgrubb@grubblegal.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy of the foregoing has been furnished by U.S. Mail to:

Denny's, Inc.
c/o CT Corporation System, Registered Agent
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

RRH – Den, LLC
c/o Clyde W. Rucker, Registered Agent
1945 W. Main Street
Mesa, AZ 85201

By: */s/ Louis I. Mussman*
Louis I. Mussman